UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------

ROSE HAYES

        Plaintiff

v.

File Number
**COMPLAINT**
Under the Civil Rights Act,
42 U.S.C. § 1983

THE CITY OF NEW YORK
NYC CORRECTIONS COMMISSIONER DORA B. SCHRIRO (Individually and in an official capacity)
NYC POLICE OFFICER JUAN INOA, SHIELD # 20964 (Individually and in an official capacity)

        Defendants

-----------------------------------

1. Now comes the Plaintiff, Rose Hayes, by and through her attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, and complaining against Defendant New York City Police Officer Juan Inoa, Shield # 20964 of NYC Police Service Area 5 (in an individual capacity and in an official capacity), New York City Department of Corrections Commissioner Dora B. Schriro (in an individual capacity and in an official capacity), and The City of New York, and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, the Due

Page 1 of 21

Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This action also arises under New York State Law for the intentional torts of False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress.

4. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5. This Court also has supplemental jurisdiction over the New York State intentional torts alleged in this complaint under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6. Venue is placed in this District because this is where the events complained of occurred, and the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

7. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff, Rose Hayes, is a citizen of the United States residing in Kings County, New York City, in the United States of America.

9. Defendant New York City Police Officer Juan Inoa, Shield # 20964 is a police officer who, at the time of the incident, was employed at NYC Police Service Area 5 of the City of New York – a municipal corporation and governmental subdivision of the State of New York. Defendant Police Officer Juan Inoa is being sued individually and in an official capacity.

10. Defendant Dora B. Schriro is the Commissioner of the New York City Department of Corrections of the City of New York – a municipal corporation and governmental subdivision of the State of New York. Defendant Dora B. Schriro is being sued individually and in an official capacity.

11. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

12. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City, and under the authority of their office as a Commissioner of the New York City Department of Corrections for the City of New York.

FACTS

13. On or about 14 August 2010 the Plaintiff, was with other individuals from her church in the vicinity of 174 E. 112th Street

in New York County. The Plaintiff's friend, Ms. Wynne Burgos, was picking up her children from her husband's residence.

14. On or about 14 August 2010, Ms. Wynne Burgos and her husband were involved in a physical altercation.

15. On or about 14 August 2010, Defendant Police Officer Inoa arrived at the location and arrested the Plaintiff, Ms. Rose Hayes.

16. Upon information and belief, that being the Plaintiff, the Plaintiff was put in a police car and transported to Police Service Area 5.

17. The Plaintiff was searched, fingerprinted, photographed, and and committed to the custody of the New York City Department of Corrections.

18. On 15 August 2010 the Plaintiff was arraigned on a felony complaint, released on her own recognizance, and ordered to appear in 20 August 2010.

19. On 27 October 2010, the Plaintiff was arraigned on the indictment and the Court set bail in the amount of $7500.00 bond and $7500.00 case – fully secured. Upon information and belief, the Plaintiff is indigent with eight (8) children and no criminal record.

20. On 5 April 2011 the Plaintiff's attorney made a motion to have the Plaintiff released from custody pursuant to N.Y. CRIM. PROC. LAW § 30.30(2) on the grounds that 94 days of non-

excludable time was chargeable to the Prosecution. The Court denied the motion without issuing a written or oral decision.

21. On 3 June 2011 the Plaintiff was found not guilty of all charges related to her arrest in this case.

## FEDERAL CLAIMS

### COUNT ONE

22. Plaintiff realleges paragraphs 1 through 21 as though set forth in full here.

23. The Plaintiff states that she was illegally seized, searched, arrested, and falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer Juan Inoa on or about 14 August 2010.

24. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest and imprison the Plaintiff because on 14 August 2010 no one specifically identified the Plaintiff as being a party who committed any crime or criminal offense.

25. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 14 August 2010.

26. Plaintiff states that she was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

27. Plaintiff states that the intentional conduct of the