Defendant Police Officer "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

28. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 14 August 2010, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

29. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an

example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO

30. Plaintiff re-alleges paragraphs 1 through 29 as though set forth in full here.

31. Plaintiff states that the Defendant New York City Police Officer Inoa denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officer Inoa "shocks the conscience".

32. The Plaintiff states the Defendant New York City Police Officer Inoa conducted a reckless investigation in that the Defendant never confirmed with the witnesses present whether the Plaintiff had committed any crime or offense. Plaintiff was never identified by anyone to the Defendant Police Officer, at the time of arrest, as having committed any crime or offense.

33. Plaintiff states that Defendant Police Officer Inoa conducted a reckless criminal investigation – or no investigation at all – that shocks the conscience.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT THREE

34. Plaintiff re-alleges paragraphs 1 through 33 as though set forth in full here.

35. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officer Inoa.

36. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations where there is a large group of people at an alleged crime scene.

37. Plaintiff states that proper training or supervision would

have enabled Defendant New York City Police Officer Inoa to understand that witnesses have to be questioned in order to determine exactly which individuals present at a crime scene may have committed a criminal offense before making an arrest.

38. Plaintiff also states that proper training or supervision would have enabled Defendant New York City Police Officer Inoa to conduct a police arranged identification procedure to determine the culprits who may have committed a criminal offense, since – upon information and belief from the Plaintiff – a number of people were present when the Plaintiff was arrested.

39. Plaintiff states that the constitutional rights of New York City residents will be violated if New York City Police Officers start arresting some citizens – as opposed to other citizens – who are standing on a public street just because a crime may have been committed in the vicinity where citizen are standing on a public street.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

Page 9 of 21

conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FIVE

40. Plaintiff re-alleges paragraphs 1 through 39 as though set forth in full here.

41. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

42. The Plaintiff states that she was deprived of her liberty on 14 August 2010 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime, and no individual had stated to any police officer that the Plaintiff had committed any crime.

43. The Plaintiff states that she was forced to come to Court on every court date regarding the afore-mentioned arrest, and that on 27 October 2010 bail was set regarding the afore-mentioned arrest, and the Plaintiff was incarcerated within the New York City Department of Corrections until June of 2011 when a jury