acquitted the Plaintiff of all charges.

44. The Plaintiff states that there was no forensic evidence to show that the Plaintiff had committed any crime when she was arrested by Police Officer Inoa on 14 August 2010.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT SIX

45. Plaintiff re-alleges paragraphs 1 through 44 as though set forth in full here.

46. Plaintiff states that Defendant New York City Corrections Commissioner, and The City of New York were deliberately

indifferent to the prison conditions at the New York City Department of Corrections where the Plaintiff was confined on 27 October 2010 until 3 June 2011, even though Plaintiff made NYC Correction Officers aware of the conditions at said location.

47. Plaintiff states that she received inadequate medical care while in custody at the New York City Department of Corrections from 27 October 2010 until 3 June 2011.

48. Plaintiff states that her religious beliefs were not respected by the New York City Department of Corrections even after she informed the Department of Corrections of those beliefs.

49. The Plaintiff states that there was no heat and no blankets during the winter while she was detained by the New York City Department of Corrections. The Plaintiff was told that she may be able to get blanket(s) when other prisoners were discharged.

50. The Plaintiff states that there was no hot water at the facility where she was housed, and when the situation was corrected, the hot water was scolding hot to the point where it would burn the skin.

51. The Plaintiff states that there was on working shower for fifty (50) women in a trailer that was built to house twenty (25) five women.

52. Plaintiff states that male New York City Correction Officers would watch her - and other detainees - while they were

showering.

53. The Plaintiff states that beds at her facility were approximately six (6) inches apart which caused excessive congestion and an inability to move freely.

54. Plaintiff states that half of the windows at the facility where she was located did not close.

55. Plaintiff states that water leaked into the trailer whenever it rained.

56. Plaintiff states that she had an allergic reaction to something in the facility where she was housed, thereby causing a rash on her skin. Plaintiff states that Corrections Officers refused to allow her access to medical treatment to address the rash.

57. Plaintiff states that she was strip searched in front of other women detainees, and in front of male New York City Correction Officers.

58. The Plaintiff states that she was only allowed three minutes for meals, and that if she was not finished eating the meal in three minutes the food was taken away from her and thrown out.

59. The Plaintiff states that she was subjected to constant sexual advances by guards and other detainees, and that she feared for her safety.

60. Plaintiff states that she is a Christian, and that her religious beliefs require her to cover her hair in certain

situations. The Plaintiff states that the Correction Officers informed her that only Muslim women were allowed to wear headwear to cover their hair.

61. Plaintiff states that Correction Officers were made aware of the afore-mentioned issues and that they never took any steps to address the situation.

62. Plaintiff states that she was incarcerated by the New York City Department of Corrections beyond her release date.

    a. Plaintiff states that she was initially committed to the custody of the New York City Department of Corrections of 14 August 2010.

    b. Plaintiff states that she was released on her own recognizance on 15 August 2010.

    c. Plaintiff states that the Court set excessive bail when the Plaintiff was arraigned on the indictment on 27 October 2010.

    d. Plaintiff states that pursuant to N.Y. CRIM. PROC § 30.30(2)(a) the People had 90 ninety days from the commencement of the action to announce ready for trial.

    e. Plaintiff states that as of 5 April 2011 94 days of chargeable time had elapsed and the Prosecution had not announced ready for trial.

    f. Plaintiff states that the Plaintiff's motion for release pursuant to N.Y. CRIM. PROC. LAW § 30.30(2)(a) was denied without a written or oral decision, and that the Court made not findings

of fact regarding the Defendant's motion. In fact, the Court did not state that the motion was denied, the Court just adjourned the matter for another date.

    g. The Plaintiff states that as a result of the excessive bail, and the Court's refusal to rule on the Plaintiff's motion for release, the Plaintiff remained in custody until the Plaintiff was acquitted of all charges on 3 June 2011.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

NEW YORK STATE CLAIMS

63. Plaintiff re-alleges paragraphs 1 through 62 as though set

Page 15 of 21