forth in full here.

64. Plaintiff states that before the commencement of this action, and within 90 days of 3 June 2011, Plaintiff duly served a Notice of Claim on the Defendant City of New York as required pursuant to section 50-E of the New York State General Municipal Law.

65. Plaintiff states that on, or about 21 July 2011, a hearing was conducted by the City of New York's agent pursuant to section 50-E of the New York State General Municipal Law.

66. Plaintiff states that this action has been commenced withing 1 year and 90 days of the termination of the underlying case.

## COUNT ONE

67. Plaintiff re-alleges paragraphs 1 through 66 as though set forth in full here.

68. Plaintiff states that he was falsely arrested, falsely imprisoned, and intentionally confined without his consent when the Defendant New York City Police Officer Inoa arrested the Plaintiff without probable cause.

69. Plaintiff states that the arrest - and confinement - of the Plaintiff was not otherwise privileged or justified.

70. Plaintiff states that the false arrest, false imprisonment - and intentional confinement without consent - was done with malice.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO

71. Plaintiff re-alleges paragraphs 1 through 70 as though set forth in full here.

72. The Plaintiff states that the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

73. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

74. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THREE

75. Plaintiff re-alleges paragraphs 1 through 74 as though set forth in full here.

76. The Plaintiff states that the criminal proceedings that is the subject of this complaint was terminated in favor of the Plaintiff because the Plaintiff was acquitted of all charges.

77. The Plaintiff states that the Defendant Police Officer did not have probable cause to arrest the Plaintiff.

78. Plaintiff states that this prior proceeding was commenced

with the wrong motive, or an improper motive, and not to seek justice because there was never probable cause to arrest the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

                              COUNT FOUR

79. Plaintiff re-alleges paragraphs 1 through 78 as though set forth in full here.

80. The Plaintiff states that the City of New York is vicariously liable for the New York State intentional torts - as alleged in this complaint - committed by Defendant New York City Police

Officer Inoa, and New York City Department of Corrections Commissioner Schriro under the doctrine of *respondeat superior.*

81. Plaintiff states that there is a master-servant relationship between Defendant New York City Police Officer Inoa, and New York City Department of Corrections Commissioner Schriro and the City of New York.

82. The Plaintiff states that Defendant New York City Police Officer Inoa, and New York City Department of Corrections Commissioner Schriro, were operating within the scope of their employment - in their official capacity - when they falsely arrested and falsely imprisoned the Plaintiff, malicious prosecuted the Plaintiff, and intentionally caused the Plaintiff emotional distress, and that aforementioned New York City Police Officer Inoa, and New York City Department of Corrections Commissioner Schriro, were acting in furtherance of the City of New York's business or purpose.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

Page 20 of 21

conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

                                  _____
                                  Lawrence P. LaBrew, Esq. (LL4455)
                                  Attorney for Plaintiff Rose Hayes
                                  110 Wall Street 11th Floor
                                  New York, New York 10005
                                  Tel (212) 385-7500
                                  Tel (212) 709-8159

Date: 4 June 2012
      New York, New York