UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------

ROSE HAYES

Plaintiff

v.

Civil Case No. 12 CV 4370
**AMENDED COMPLAINT**
Under the Civil Rights Act,
42 U.S.C. § 1983

THE CITY OF NEW YORK
NYC CORRECTIONS COMMISSIONER DORA B. SCHRIRO (Individually
and in an official capacity)
NYC POLICE OFFICER JUAN INOA, SHIELD # 20964 (Individually
and in an official capacity)

Defendants

-----------------------------------------------

1. Now comes the Plaintiff, Rose Hayes, by and through her

attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence

LaBrew, and complaining against Defendant New York City Police

Officer Juan Inoa, Shield # 20964 of NYC Police Service Area 5

(in an individual capacity and in an official capacity), New York

City Department of Corrections Commissioner Dora B. Schriro (in

an individual capacity and in an official capacity), and The City

of New York, and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United

States, particularly the Fourth, Eighth, and Fourteenth

Amendments to the Constitution of the United States, the Due

Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This action also arises under New York State Law for the intentional torts of False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress.

4. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5. This Court also has supplemental jurisdiction over the New York State intentional torts alleged in this complaint under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6. Venue is placed in this District because this is where the events complained of occurred, and the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

7. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff, Rose Hayes, is a citizen of the United States residing in Kings County, New York City, in the United States of America.

9. Defendant New York City Police Officer Juan Inoa, Shield # 20964 is a police officer who, at the time of the incident, was employed at NYC Police Service Area 5 of the City of New York — a municipal corporation and governmental subdivision of the State of New York. Defendant Police Officer Juan Inoa is being sued individually and in an official capacity.

10. Defendant Dora B. Schriro is the Commissioner of the New York City Department of Corrections of the City of New York — a municipal corporation and governmental subdivision of the State of New York. Defendant Dora B. Schriro is being sued individually and in an official capacity.

11. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

12. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City, and under the authority of their office as a Commissioner of the New York City Department of Corrections for the City of New York.

FACTS

13. On or about 14 August 2010 the Plaintiff, was with other individuals from her church in the vicinity of 174 E. 112th Street

in New York County. The Plaintiff's friend, Ms. Wynne Burgos, was picking up her children from her husband's residence.

14. On or about 14 August 2010, Ms. Wynne Burgos and her husband were involved in a physical altercation. About fifty (50) to seventy (70) people had gathered in the area prior to the arrival of Defendant Police Officer Inoa.

15. On or about 14 August 2010, Defendant Police Officer Inoa arrived at the location and arrested the Plaintiff, Ms. Rose Hayes.

16. Upon information and belief, that being the Plaintiff, the Plaintiff was put in a police car and transported to Police Service Area 5.

17. The Plaintiff was searched, fingerprinted, photographed, and and committed to the custody of the New York City Department of Corrections.

18. On 15 August 2010 the Plaintiff was arraigned on a felony complaint, released on her own recognizance, and ordered to appear in 20 August 2010.

19. On 27 October 2010, the Plaintiff was arraigned on the indictment and the Court set bail in the amount of $7500.00 bond and $7500.00 case – fully secured. Upon information and belief, the Plaintiff is indigent with eight (8) children and no criminal record.

20. On 5 April 2011 the Plaintiff's attorney made a motion to

have the Plaintiff released from custody pursuant to N.Y. CRIM.
PROC. LAW § 30.30(2) on the grounds that 94 days of non-
excludable time was chargeable to the Prosecution. The Court
denied the motion without issuing a written or oral decision.

21. On 3 June 2011 the Plaintiff was found not guilty of all
charges related to her arrest in this case.

FEDERAL CLAIMS

COUNT ONE: FALSE ARREST

22. Plaintiff re-alleges paragraphs 1 through 21 as though set
forth in full here.

23. The Plaintiff states that she was illegally seized, searched,
and arrested in violation of the Fourth, and Fourteenth,
Amendments to the United States Constitution when she
arrested by Defendant Police Officer Juan Inoa on or about 14
August 2010.

24. The Plaintiff states that the Defendant did not have
probable cause, or arguable probable cause, to arrest the
Plaintiff because on 14 August 2010 no one specifically
identified the Plaintiff as being a party who committed any crime
or criminal offense.

25. Defendant Police Officer also did not have an arrest
warrant to arrest the Plaintiff on or about 14 August 2010.

26. Plaintiff states that she was intentionally confined without
his consent, and that the arrest and imprisonment of the

Plaintiff was not privileged or justified.

27. Plaintiff states that the intentional conduct of the Defendant Police Officer "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

28. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 14 August 2010, and the Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

29. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish

Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 29 as though set forth in full here.

30. The Plaintiff states that she was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer Juan Inoa on or about 14 August 2010.

31. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 14 August 2010 no one specifically identified the Plaintiff as being a party who committed any crime or criminal offense.

32. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 14 August 2010.

33. Plaintiff states that she was intentionally confined without his consent, and that the arrest and imprisonment of the

Plaintiff was not privileged or justified.

34. Plaintiff states that the intentional conduct of the Defendant Police Officer "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

35. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 14 August 2010, and the Plaintiff was not in possession of – or in close proximity to – any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

36. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish

Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

37. Plaintiff re-alleges paragraphs 1 through 36 as though set forth in full here.

38. Plaintiff states that the Defendant New York City Police Officer Inoa denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officer Inoa "shocks the conscience".

39. The Plaintiff states the Defendant New York City Police Officer Inoa conducted a reckless investigation in that the Defendant never confirmed with the witnesses present whether the Plaintiff had committed any crime or offense. Plaintiff was never identified by anyone to the Defendant Police Officer, at the time of arrest, as having committed any crime or offense.

40. Plaintiff states that Defendant Police Officer Inoa investigation did not adhere to clearly established New York City Police Department protocol regarding pre-arrest investigations

where a police officer does not have an arrest warrant.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER INOA

41. Plaintiff re-alleges paragraphs 1 through 40 as though set forth in full here.

42. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officer Inoa.

43. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter

situations where there is a large group of people at an alleged crime scene.

44. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officer Inoa to understand that witnesses have to be questioned in order to determine exactly what the witnesses may have seen – and which individuals present at a crime scene may have committed a criminal offense – before making an arrest.

45. Plaintiff also states that proper training or supervision would have enabled Defendant New York City Police Officer Inoa to conduct a police arranged identification procedure to determine the culprits who may have committed a criminal offense, since – upon information and belief from the Plaintiff – a number of people were present when the Plaintiff was arrested.

46. Plaintiff states that the constitutional rights of New York City residents will be violated if New York City Police Officers start arresting some citizens – as opposed to other citizens – who are standing on a public street just because a crime may have been committed in the vicinity where citizen are standing on a public street.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at

the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars to sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

47. Plaintiff re-alleges paragraphs 1 through 46 as though set forth in full here.

48. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

49. The Plaintiff states that she was deprived of her liberty on 14 August 2010 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime, and no individual had stated to any police officer that the Plaintiff had committed any crime.

50. The Plaintiff states that she was arraigned and forced to

come to Court on every court date regarding the afore-mentioned arrest, and that on 27 October 2010 bail was set regarding the afore-mentioned arrest, and the Plaintiff was incarcerated within the New York City Department of Corrections until June of 2011 when a jury acquitted the Plaintiff of all charges.

51. The Plaintiff states that there was no evidence to show that the Plaintiff had committed any crime when she was arrested by Police Officer Inoa on 14 August 2010.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT SIX: DUE PROCESS AND EIGHTH AMENDMENT VIOLATIONS RELATING
TO DETAINEE CONDITIONS OF CONFINEMENT

52. Plaintiff re-alleges paragraphs 1 through 51 as though set
forth in full here.

53. Plaintiff states that Defendant New York City Corrections
Commissioner, and The City of New York were deliberately
indifferent to the prison conditions at the New York City
Department of Corrections where the Plaintiff was confined on 27
October 2010 until 3 June 2011, even though Plaintiff made NYC
Correction Officers aware of the conditions at said location.

54. Plaintiff states that she received inadequate medical care
while in custody at the New York City Department of Corrections
from 27 October 2010 until 3 June 2011.

55. Plaintiff states that her religious beliefs were not
respected by the New York City Department of Corrections even
after she informed the Department of Corrections of those
beliefs.

56. The Plaintiff states that there was no heat and no blankets
during the winter while she was detained by the New York City
Department of Corrections. The Plaintiff was told that she may be
able to get blanket(s) when other prisoners were discharged.

57. The Plaintiff states that there was no hot water at the
facility where she was housed, and when the situation was
corrected, the hot water was scolding hot to the point where it
would burn the skin.

58. The Plaintiff states that there was on working shower for fifty (50) women in a trailer that was built to house twenty (25) five women.

59. Plaintiff states that male New York City Correction Officers would watch her -- and other detainees -- while they were showering.

60. The Plaintiff states that beds at her facility were approximately six (6) inches apart which caused excessive congestion and an inability to move freely.

61. Plaintiff states that half of the windows at the facility where she was located did not close.

62. Plaintiff states that water leaked into the trailer whenever it rained.

63. Plaintiff states that she had an allergic reaction to something in the facility where she was housed, thereby causing a rash on her skin. Plaintiff states that Corrections Officers refused to allow her access to medical treatment to address the rash.

64. Plaintiff states that she was strip searched in front of other women detainees, and in front of male New York City Correction Officers.

65. The Plaintiff states that she was only allowed three minutes for meals, and that if she was not finished eating the meal in three minutes the food was taken away from her and thrown out.

66. The Plaintiff states that she was subjected to constant sexual advances by guards and other detainees, and that she feared for her safety.

67. Plaintiff states that she is a Christian, and that her religious beliefs require her to cover her hair in certain situations. The Plaintiff states that the Correction Officers informed her that only Muslim women were allowed to wear head-wear to cover their hair.

68. Plaintiff states that Correction Officers were made aware of the afore-mentioned issues and that they never took any steps to address the situation.

69. Plaintiff states that these conditions adversely affected her mental and physical well being, and that said conditions were seriously deficient and caused severe hardship and discomfort.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars to sufficiently punish Defendant Correction Officers for the Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in

the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT SEVEN: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT NEW YORK CITY CORRECTION OFFICERS

70. Plaintiff re-alleges paragraphs 1 through 69 as though set forth in full here.

71. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise Defendant New York City Correction Officers.

72. Plaintiff states that the City of New York knows to a moral certainty that New York City Correction Officers will encounter situations involving prison conditions.

73. Plaintiff states that proper training or supervision would have enabled Defendant New York City Correction Officers to properly address situations involving inadequate conditions, and overcrowding, regarding a detainee's conditions of confinement.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at

the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars to sufficiently punish the Defendant for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT EIGHT: DUE PROCESS VIOLATION OF A STATE CREATED LIBERTY INTEREST

74. Plaintiff re-alleges paragraphs 1 through 73 as though set forth in full here.

75. Plaintiff states that she was incarcerated by the New York City Department of Corrections beyond her release date.

76. Plaintiff Hayes states that she had a state created liberty interest in her freedom pursuant to state law under N.Y. CRIM. PROC. LAW § 30.30(2)(a). Plaintiff states that she was entitled to be released on her own recognizance as of 5 April 2011 because the Prosecution was not ready for trial within ninety days from the commencement of Plaintiff's commitment to the custody of the sheriff in the underlying criminal case where Plaintiff was eventually found not guilty.

a. Plaintiff states that she was initially committed to the custody of the sheriff on 14 August 2010.

b. Plaintiff states that she was released on her own recognizance on 15 August 2010.

c. Plaintiff states that the Court set excessive bail when the Plaintiff was arraigned on the indictment on 27 October 2010.

d. Plaintiff states that pursuant to N.Y. CRIM. PROC § 30.30(2)(a) the People had 90 ninety days from the commencement of the action to announce ready for trial.

e. Plaintiff Hayes states that as of 5 April 2011 94 days of chargeable time had elapsed and the Prosecution had not announced ready for trial. Plaintiff Hayes states that she was entitled to be released from custody pursuant to N.Y. CRIM. PROC. LAW § 30.30(2)(a) because the Prosecution was not ready for trial within 90 days of Plaintiff Hayes' commitment to the custody of the sheriff in the underlying criminal action.

f. Plaintiff states that the Plaintiff's motion for release pursuant to N.Y. CRIM. PROC. LAW § 30.30(2)(a) was denied without a written or oral decision, and that the Court made not findings of fact regarding the Defendant's motion. In fact, the Court did not state that the motion was denied, the Court just adjourned the matter for another date.

g. On 25 April 2011, Plaintiff Rose Hayes filed a *Writ of Habeas Corpus* in the Supreme Court of the State of New York: Appellate Division First Department under Index # 401045-2011. The *Writ of Habeas Corpus* was withdrawn by Plaintiff Hayes, on or about 3 June 2011, because the issue was moot. Plaintiff Hayes was found not guilty of all charges and released from custody on 3 June 2011

77. Plaintiff Rose Hayes states that, pursuant to N.Y. CRIM. PROC. LAW § 30.30(2)(a), the Plaintiff had a state created liberty interest that entitled Plaintiff to her freedom as of 5 April 2011 because the Prosecution was not ready for trial within ninety (90) days of the Plaintiff's commitment to the custody of the sheriff. Plaintiff Rose Hayes remained in custody until the Plaintiff was acquitted of all charges on 3 June 2011.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendants for the Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

NEW YORK STATE CLAIMS

78. Plaintiff re-alleges paragraphs 1 through 77 as though set forth in full here.

79. Plaintiff states that before the commencement of this action, and within 90 days of 3 June 2011, Plaintiff duly served a Notice of Claim on the Defendant City of New York as required pursuant to section 50-E of the New York State General Municipal Law.

80. Plaintiff states that on, or about 21 July 2011, a hearing was conducted by the City of New York's agent pursuant to section 50-E of the New York State General Municipal Law.

81. Plaintiff states that this action has been commenced withing 1 year and 90 days of the termination of the underlying case.

82. The Plaintiff states that the City of New York is vicariously liable for the New York State intentional torts – as alleged in this complaint – committed by Defendant New York City Police Officer Inoa, and New York City Department of Corrections Commissioner Schriro under the doctrine of *respondeat superior.*

83. Plaintiff states that there is a master-servant relationship between Defendant New York City Police Officer Inoa, and New York

City Department of Corrections Commissioner Schriro and the City of New York.

84. The Plaintiff states that Defendant New York City Police Officer Inoa, and New York City Department of Corrections Commissioner Schriro, were operating within the scope of their employment - in their official capacity -- when they falsely arrested and falsely imprisoned the Plaintiff, malicious prosecuted the Plaintiff, and intentionally caused the Plaintiff emotional distress, and that aforementioned New York City Police Officer Inoa, and New York City Department of Corrections Commissioner Schriro, were acting in furtherance of the City of New York's business or purpose.

COUNT NINE: FALSE ARREST AND FALSE IMPRISONMENT

85. Plaintiff re-alleges paragraphs 1 through 84 as though set forth in full here.

86. Plaintiff states that she was falsely arrested, falsely imprisoned, and intentionally confined without his consent when the Defendant New York City Police Officer Inoa arrested the Plaintiff without probable cause.

87. Plaintiff states that the arrest - and confinement -- of the Plaintiff was not otherwise privileged or justified.

88. Plaintiff states that the false arrest, false imprisonment -- and intentional confinement without consent -- was done with malice.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TEN: FALSE IMPRISONMENT

89. Plaintiff re-alleges paragraphs 1 through 88 as though set forth in full here.

90. Plaintiff states that she was incarcerated by the New York City Department of Corrections beyond her release date.

91. Plaintiff Hayes states that she was entitled to her freedom pursuant to state law under N.Y. CRIM. PROC. LAW § 30.30(2)(a).

92. Plaintiff states that she was entitled to be released on her own recognizance as of 5 April 2011 because the Prosecution was

not ready for trial within ninety days from the commencement of Plaintiff's commitment to the custody of the sheriff in the underlying criminal case where Plaintiff was eventually found not guilty.

    a. Plaintiff states that she was initially committed to the custody of the sheriff on 14 August 2010.

    b. Plaintiff states that she was released on her own recognizance on 15 August 2010.

    c. Plaintiff states that the Court set excessive bail when the Plaintiff was arraigned on the indictment on 27 October 2010.

    d. Plaintiff states that pursuant to N.Y. CRIM. PROC § 30.30(2)(a) the People had 90 ninety days from the commencement of the action to announce ready for trial.

    e. Plaintiff Hayes states that as of 5 April 2011 94 days of chargeable time had elapsed and the Prosecution had not announced ready for trial. Plaintiff Hayes states that she was entitled to be released from custody pursuant to N.Y. CRIM. PROC. LAW § 30.30(2)(a) because the Prosecution was not ready for trial within 90 days of Plaintiff Hayes' commitment to the custody of the sheriff in the underlying criminal action.

    f. Plaintiff states that the Plaintiff's motion for release pursuant to N.Y. CRIM. PROC. LAW § 30.30(2)(a) was denied

without a written or oral decision, and that the Court made

not findings of fact regarding the Defendant's motion. In

fact, the Court did not state that the motion was denied,

the Court just adjourned the matter for another date.

g. On 25 April 2011, Plaintiff Rose Hayes filed a *Writ of*

*Habeas Corpus* in the Supreme Court of the State of New York:

Appellate Division First Department under Index # 401045-

2011. The *Writ of Habeas Corpus* was withdrawn by Plaintiff

Hayes, on or about 3 June 2011, because the issue was moot.

Plaintiff Hayes was found not guilty of all charges and

released from custody on 3 June 2011

93. Plaintiff Rose Hayes states that, pursuant to N.Y. CRIM.

PROC. LAW § 30.30(2)(a), the Plaintiff was entitled to her

freedom as of 5 April 2011 because the Prosecution was not ready

for trial within ninety (90) days of the Plaintiff's commitment

to the custody of the sheriff. Plaintiff Rose Hayes remained in

custody until the Plaintiff was acquitted of all charges on 3

June 2011.

**WHEREFORE**, Plaintiff respectfully requests judgment against

Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount

of five (5,000,000.00) million dollars, together with interest at

the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of

five (5,000,000.00) million dollars as will sufficiently punish Defendants for the Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT ELEVEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. Plaintiff re-alleges paragraphs 1 through 93 as though set forth in full here.

95. The Plaintiff states that the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

96. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

97. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at

the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendants for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT TWELVE: MALICIOUS PROSECUTION

98. Plaintiff re-alleges paragraphs 1 through 97 as though set forth in full here.

99. The Plaintiff states that the criminal proceedings that is the subject of this complaint was terminated in favor of the Plaintiff because the Plaintiff was acquitted of all charges.

100. The Plaintiff states that the Defendant Police Officer did not have probable cause to arrest the Plaintiff.

101. Plaintiff Rose Hayes states that the Police Officer Inoa failed to make a full disclosure to the grand jury, or otherwise acted in bad faith in connection with the indictment.

102. Plaintiff states that this prior proceeding was commenced with the wrong motive, or an improper motive, and not to seek

justice because there was never probable cause to arrest the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Lawrence P. LaBrew, Esq. (LL4455)
Attorney for Plaintiff Rose Hayes
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500
Tel (212) 385-7501

Date: 23 December 2013
      New York, New York